In the Matter of DANIEL K. ETTINGER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 26, 1990

## APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Paul J. McAllister* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Daniel K. Ettinger was admitted to the practice of law in New York by the First Judicial Department on

December 11, 1961. He has, at all times relevant herein, maintained an office for the practice of law in the First Department. On June 17, 1988, respondent was convicted, upon his plea of guilty, of causing the First Federal Savings & Loan Association of Rochester to fail to file a currency transaction report in connection with transactions for the payment, receipt and transfer of United States currency in excess of $10,000 in violation of 31 USC §§ 5313 and 5322 (a) and 18 USC §§ 2 and 3623. He was sentenced to a term of 18 months' probation, a $1,000 fine and was directed to perform 200 hours of community service. The court further directed that respondent be placed on unsupervised probation after satisfying his community service obligation.

The charges against respondent arose out of his representation of a client, Procedural Welders, which requested respondent to deposit a check in the amount of $28,000, payable to Procedural Welders, in his personal bank account. The client then asked respondent to disburse the funds in cash. Respondent deducted $2,500 for expenses and disbursed the remaining funds to the client by three separate cash withdrawals over a period of a few days. Respondent made no currency reports of these transactions and admitted that he intended to avoid the currency transaction report requirements when he withdrew the funds. He alleged that he did so because his client had told him that it did not want the money reported as income and he agreed because he needed the client's business.

By notice of petition dated July 10, 1989, the Departmental Disciplinary Committee (DDC) sought an order determining that the crime respondent had been convicted of was a "serious crime" pursuant to Judiciary Law § 90 (4) (d), suspending him from the practice of law, and directing him to show cause why he should not be censured, suspended or removed from the practice of law. Respondent, in opposition, asserted that the crime of which he was convicted was not a "serious crime" within the meaning of the Judiciary Law and sought permission to continue practicing law pending the final disposition of this matter. He also requested a hearing.

By order entered October 5, 1989, this court determined that the crime of which respondent stands convicted is a "serious crime" and referred the matter to the DDC for a hearing. The court granted respondent's request for permission to continue practicing law pending final disposition of the matter.

At the hearing conducted on November 21, 1989, respondent called several witnesses who testified to his character and fitness to practice. They testified that respondent represented indigent people in the Family Court on a regular basis and that he had a reputation for not submitting vouchers for payment for his time spent and disbursements incurred on behalf of his clients. Respondent also testified that he was 60 years old and that the incident for which he was convicted occurred during a time when his child was seriously ill with a kidney malfunction causing him extreme emotional and financial distress. After being contacted by the United States Attorney with regard to the incident in question, respondent promptly explained and admitted the circumstances surrounding his actions and fully cooperated with the investigation. He paid the $1,000 fine and performed 500 hours of community service rather than the 200 hours he was ordered to perform. At the conclusion of the hearing, staff counsel recommended that respondent be censured. The Hearing Panel, in a written report dated March 6, 1990, unanimously agreed, finding the incident in question to have been an "aberrational misjudgment made under trying personal circumstances."

By notice of motion dated March 28, 1990, the DDC seeks an order confirming the Hearing Panel's findings of fact and conclusions of law and imposing the sanction this court deems appropriate. Respondent does not oppose the Committee's motion.

In light of the circumstances of the crime to which respondent pleaded guilty, his candid concession of the facts surrounding his conviction, his total cooperation with the United States Attorney's office, the personal tragedy leading to this apparent isolated aberration in judgment, respondent's distress and remorse over his actions and his commitment to the representation of indigents, we agree with the Hearing Panel that the sanction of public censure is warranted.

KUPFERMAN, J. P., CARRO, ROSENBERGER, ELLERIN and RUBIN, JJ., concur.

Respondent is censured.