[755 NYS2d 832]

In the Matter of DENNIS A. MAYCHER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 7, 2002

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Richard Supple* of counsel (*Edwards & Angell*), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Dennis A. Maycher was admitted to the practice of law in the State of New York by the Third Judicial Depart-

ment on March 30, 1982. Respondent maintained an office for the practice of law within the First Judicial Department at all times relevant to these proceedings and also maintains a law practice in New Jersey.

The Departmental Disciplinary Committee has moved for an order confirming the findings of fact and conclusions of law of the Hearing Panel rendered pursuant to this Court's previous order which determined that respondent had been convicted of a serious crime pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). Respondent admitted that he had pleaded guilty in the United States District Court for the District of New Jersey to failure to maintain records, in violation of 12 USC § 1956, a misdemeanor. As a result of that plea, respondent was sentenced to one year's probation and ordered to pay a fine of $20,000. Respondent has also been suspended from the practice of law in New Jersey for three months. The Hearing Panel found that respondent recommended the deposit of client funds which were to be used for the purchase of several stores in New Jersey in separate transactions below the federal reporting minimum of $10,000. Although finding that respondent acted knowingly and willfully, the Hearing Panel also found that respondent did not act out of a desire for personal gain, that he fully acknowledged that his actions were criminal, that he has expressed sincere remorse and that respondent's many civic activities demonstrated his integrity and strong sense of social responsibility. Finding that respondent's criminal conduct was an aberration, the Hearing Panel found that public censure, particularly when imposed after respondent's guilty plea and New Jersey suspension, would be appropriate. In light of respondent's conduct, guilty plea, New Jersey suspension and the mitigating factors, we agree (Matter of Ettinger, 159 AD2d 187).

Accordingly, the motion for an order confirming the findings of fact and conclusions of law set forth in determination of the Hearing Panel should be granted and respondent should be publicly censured.

NARDELLI, J.P., TOM, ANDRIAS, BUCKLEY and RUBIN, JJ., concur.

Petitioner's motion granted and respondent publicly censured.